**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 06-260-JBC**

**LAMARCIE HILL,**                                                                      **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**                            **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

      This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits (DE 12, 13). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

      **I. Overview of the Process**

      Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Commissioner properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a thirty-eight-year-old female with a twelfth-grade education and one year of college. AR 20, 57. She has past relevant work ("PRW") experience as a factory and restaurant worker. AR 20. She alleges disability beginning on October 31, 2003, due to a heart attack, back problems, high blood

pressure, diabetes, vision deficits, and obesity. *Id.* The plaintiff filed a claim for Disability Insurance Benefits ("DIB") on May 14, 2004, which was denied initially and on reconsideration. AR 20, 57. After a hearing held on August 10, 2005, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's peripheral vascular disease, coronary artery disease, chronic low back pain, obesity, diabetes, and hypertension were severe impairments. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. At Step 4, the ALJ found that the plaintiff was unable to perform her PRW. The ALJ concluded at Step 5, however, that the plaintiff could perform a significant number of other jobs in the national economy at the light exertional level. AR 27-28. On June 22, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 7-10, and she then commenced this action.

    **III. Legal Analysis**

    The plaintiff's only argument in support of her claim that the Commissioner's decision was not supported by substantial evidence is that the ALJ erred in his determination of the plaintiff's credibility. The Commissioner is required to consider all of a claimant's symptoms, including pain, in determining whether she is disabled. 20 C.F.R. § 404.1529(a). Before these symptoms will lead to a finding of disability,

3

however, medical signs must exist which show the claimant has an impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(b). When such medical signs are present, the Commissioner must then evaluate how the intensity and persistence of the symptoms affect the claimant's ability to work. 20 C.F.R. § 404.1529(c); *see also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). In performing this inquiry, the ALJ must consider the objective medical evidence, evidence of the claimant's daily activities, the frequency and intensity of the claimant's pain, any precipitating or aggravating factors, any medications taken to alleviate the pain, and any other measures taken to remedy the claimant's pain. *See Felisky*, 35 F.3d at 1039-40; 20 C.F.R. § 404.1529(c)(3). Although an ALJ's credibility findings are to be accorded significant deference, *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), if an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so. *Felisky*, 35 F.3d at 1036.

The ALJ provided the following assessment of the plaintiff's credibility in his opinion:

> After listening to the claimant's testimony, observing her demeanor and evaluating said testimony in light of the objective medical records, it appears that the claimant is trying to make her symptoms sound significantly more severe than they actually are. The degree of pain and other symptoms alleged by the claimant is significantly greater than that which can be reasonably anticipated based upon the objective physical findings. She has had several surgeries, all successful. The medical evidence simply fails to establish the presence of an impairment that could

> reasonably be expected to cause the alleged symptoms. Her most recent stress test was negative and her last EKG was within normal limits. Notably, the claimant is frequently noncompliant with medication for diabetes mellitus and does not check her blood sugar as recommended. Her extensive activities of daily living, including caring for her family, singing and working with the youth at church, contradict her allegations. Several treating physicians have recommended exercise. Interestingly, progress notes from April 2005 indicate that she was working, which certainly contradicts her allegations.

AR 24.

Based upon its own review of the administrative record, the court finds that the ALJ did not err in his evaluation of the plaintiff's credibility. First, the ALJ's review of the objective medical evidence was appropriate. The plaintiff suffered from a seventy-five percent blockage of the left anterior descending artery in November of 2003. AR 159, 172. Doctors performed catheterization and stenting procedure on the plaintiff which produced "excellent results" and was characterized as "successful." AR 172. A second stent procedure was performed in January of 2004. AR 602. In March of 2005, the plaintiff underwent a further operation to correct a ninety percent blockage in her common femoral artery; surgery reduced the blockage to zero percent. AR 443. The plaintiff underwent another procedure in May of 2005 to remove a blockage in her right femoral artery. AR 545-46. Following the procedure, her doctor opined that she "look[ed] great," and she was released shortly thereafter. AR 511. The ALJ also correctly concluded that the stress test performed on the plaintiff in December of 2004 was normal. AR 416, 418, 427. Finally, although the plaintiff reports extreme back pain, the court notes

5

that a corrective lumbar diskectomy was performed on the plaintiff in September of 2004; after a follow-up examination, the plaintiff's treating physician noted that her gait was normal and her range of motion was good. AR 410, 435. Though the plaintiff has had frequent surgeries, there is little evidence that the plaintiff currently has a medical condition that would produce pain of the severity that she alleges.[1]

The ALJ also did not err in concluding that the plaintiff had been non-compliant in her treatment for her medical conditions. When the plaintiff was examined by physicians, they periodically instructed her to improve her diet, test her blood sugars more often, and, as the ALJ noted, exercise more often. AR 289, 297, 303. In November of 2003, however, a consulting physician had noted that she "rarely" monitored her diabetes. AR 176. Finally, the plaintiff also failed to attend at least four medical appointments between June of 2004 and January of 2005. AR 284-85, 291, 413-14.

Finally, the ALJ's finding that the plaintiff's complaints of pain are inconsistent with her daily activities is supported by the record. The plaintiff has reported that she is able to perform some shopping and house cleaning functions. AR 79, 110. She also testified that she periodically sings in church and teaches Sunday School. AR 608. Most importantly, however, the ALJ correctly reported that the plaintiff's treating physician, Dr. Gary Grigsby, stated in April of 2005 that the plaintiff "works as a fast food clerk." AR 437. Though the plaintiff dismisses

---

[1] Indeed, the court notes that much of the symptomatic information relied on by the plaintiff predates her most recent corrective back and heart surgeries.

this statement as a "clerical error," DE 12, at 4, similar statements are found in other treatment notes from March and May of 2005, *see* AR 419, 540, despite the fact that the plaintiff claims that she last worked in a fast food restaurant in 1992. AR 81.

In sum, the ALJ clearly stated his reasons for his conclusion that the plaintiff's testimony was incredible, and each of these reasons finds support in the administrative record.  The evidence referred to by the ALJ suggests that the plaintiff's level of activity and desire for treatment are not commensurate with her subjective complaints of disabling pain and therefore provided a sufficient basis for the ALJ to doubt the plaintiff's credibility.  In light of the factors described in 20 C.F.R. § 404.1529(c), the court finds that the ALJ's credibility determination was supported by substantial evidence.  Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 12) is **DENIED**.

Signed on May 2, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

8